UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY LOVE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 10-CV-0285-CVE-PJC |
| ) | |
| DAVID PARKER, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Before the Court is the 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 1) filed by Petitioner Tommy Love, a state prisoner appearing pro se. Respondent filed a response to the petition (Dkt. # 10), and provided the state court record necessary for resolution of Petitioner's claims (Dkt. ## 10, 11, 12). Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

In the early evening of December 5, 2006, Tulsa Police Officer Kevin Warne was on patrol in north Tulsa with his partner, Josh Martin. While driving west on East 56th Street North, Officer Warne observed a blue Chevrolet Caprice fail to use a turn signal before turning left onto North Kenosha Avenue. He followed the vehicle and pulled the car over. Petitioner was the driver and only occupant of the car. When asked for his driver's license, Petitioner gave the officer a state identification card. Officer Warne called the information in to his dispatcher, and learned that Petitioner's driver's license was suspended. Petitioner was placed under arrest. A search of Petitioner's car yielded a baggie containing approximately 14 grams of crack cocaine.

As a result of those events, Petitioner was charged by Information in Tulsa County District Court, Case No. CF-2006-5877, with Trafficking in Illegal Drugs, a felony (Count 1), Driving Under Suspension, a misdemeanor (Count 2), and Fail to Signal, a misdemeanor (Count 3). A jury trial was held on Count 1 on January 10, 2008. Petitioner was found guilty, and the jury recommended punishment of twenty (20) years imprisonment. On February 26, 2008, the trial judge sentenced Petitioner in accordance with the jury's recommendation, and also imposed a $25,000 fine, with all but $500 suspended. The trial court also found Petitioner guilty, in non-jury proceedings, of the two misdemeanors (Counts 2 and 3). Petitioner was represented by attorney Curt Allen at trial.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented on appeal by attorney Stuart Southerland, Petitioner raised four (4) propositions of error, as follows:

> Proposition 1: It was error for the district court to refuse Appellant's requested jury instruction, which gave the jury the option of either sentencing Appellant or permitting the court to do so.
>
> Proposition 2: The stop and search of Appellant's vehicle violated Appellant's right to be free from unreasonable search and seizure under both the United States and Oklahoma Constitutions.
>
> Proposition 3: The evidence presented at trial was insufficient to support a conviction in Count III, failure to signal.
>
> Proposition 4: Trafficking in Controlled Drugs as prohibited by 63 O.S. Supp.2004, § 2-415, is unconstitutional, because it purports to create a non-rebuttable presumption of an intent to distribute drugs, on a large scale, based solely upon the quantity possessed.

(Dkt. # 10, Ex. 1). In an unpublished summary opinion filed June 30, 2009, in Case No. F-2008-236 (Dkt. # 10, Ex. 3), the OCCA rejected all claims and affirmed the Judgment and Sentence of the trial

court. Petitioner did not seek certiorari review from the United States Supreme Court, nor did he file an application for post-conviction relief in the state courts.

On May 5, 2010, Petitioner filed his federal petition for writ of habeas corpus (Dkt. #1). He raised the following grounds of error:

> Ground 1: Petitioner's sentence was determined in violation of the United States Constitution because the state courts refused to submit his requested instruction to the jury.
>
> Ground 2: Petitioner's custody was obtained in violation of the United States Constitution because the traffic stop was illegal.
>
> Ground 3: Petitioner's custody violates the Constitutions [sic] of the United States because the evidence presented at trial was insufficient to support the conviction.
>
> Ground 4: Petitioner's custody is illegal because Oklahoma's trafficking statute 63 O.S. Supp 2004, Sec. 2-415, violates the Constitution of the United States.

(Dkt. # 1). In response, Respondent asserts that Petitioner's ground two claim is not cognizable in this habeas proceeding, and the remaining grounds do not justify habeas relief under 28 U.S.C. § 2254(d). See Dkt. # 10.

## *ANALYSIS*

**A.   Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner fairly presented the substance of his claims to the OCCA on direct appeal. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B.     Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As indicated above, Petitioner presented his federal claims challenging his conviction and sentence to the OCCA on direct appeal. The OCCA denied relief. See Dkt. # 10, Ex. 1. Therefore, to the extent Petitioner's claims are cognizable in this federal habeas corpus proceeding, his claims shall be reviewed pursuant to § 2254(d).

1. **Denial of jury instruction (ground 1)**

In his first ground for relief, Petitioner contends that his due process and equal protection rights were violated because the trial court refused to submit the following modified sentencing instruction to the jury:

> If you find the defendant guilty, you may then determine the proper punishment. <u>If you decide not to determine the proper punishment, the Court will determine a sentence</u>. The crime of Trafficking in Illegal drugs is punishable by imprisonment in the state penitentiary for a term of not less than 10 years and up to life, and by a fine of not less than Twenty Five Thousand Dollars nor more than One Hundred Thousand Dollars or both such fine and imprisonment. If you decide to determine a punishment or decide to have the Court determine a punishment, you shall fill in the appropriate space on the Verdict Form Trafficking in Illegal Drugs and return the verdict to the Court.

See Dkt. # 12-3, O.R. at 82 (underlining added); Dkt. # 12-1, Tr. Trans. at 233. The OCCA rejected this claim, finding as follows:

> We further find [in Proposition I] that, although Love attempted to waive a jury trial, he had no right to unilaterally waive jury assessment of punishment. Consequently, the trial court did not err in refusing Love's requested jury instruction.

(Dkt. # 10, Ex. 3 at 2) (omitting citations to Oklahoma cases finding that any proposed waiver of jury assessment of punishment must be joined by the prosecutor and trial court). Respondent contends that Petitioner's proposed instruction was not an accurate statement of Oklahoma law, that the OCCA's decision was not an unreasonable determination of Supreme Court law, and that Petitioner's trial was not rendered fundamentally unfair by the trial court's failure to submit a "custom-made" jury instruction stating incorrect law.

"As a general rule, errors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner

5

of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981) (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977))); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) ("A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial.").

Upon careful review of the record, the Court finds that the state court's decision not to instruct the jury that they could choose to allow the judge to assess punishment did not deprive him of fundamental fairness or violate due process. See Kibbe, 431 U.S. at 155. The Court has not found, and Petitioner has not provided, any citation to Supreme Court law which would support Petitioner's ground one argument. The OCCA's decision was not an unreasonable application of Supreme Court law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Petitioner is not entitled to habeas corpus relief on ground one.

### 2.     Fourth Amendment claim (ground 1)

In his second ground for relief, Petitioner claims that his detention following the traffic stop, and the search and seizure of evidence used against him, violated his Fourth Amendment rights guaranteed to him through the Fourteenth Amendment. On direct appeal, Petitioner argued that the police officers did not have a justifiable reason for stopping his car because he did signal his turn, even though the police officer testified otherwise. See Dkt. # 10, Ex. 1 at 13. Petitioner further argued that, under Oklahoma law, the failure to signal a turn does not justify a traffic stop unless other traffic may be affected. Id. at 13-14. Petitioner claimed that no other traffic was affected by his alleged failure to signal. Id. Thus, Petitioner contends that his alleged failure to signal did not justify the traffic stop, and the subsequent search of his car was unauthorized. Id. at 14-15. The

OCCA denied relief on this claim finding that the traffic stop was justified, and the trial court's ruling after the hearing on the motion to suppress was "not clearly erroneous." Dkt. # 10, Ex. 3 at 2. Respondent asserts that, because Petitioner had the opportunity to fully and fairly litigate this issue in state court, his claim is not cognizable in this federal habeas corpus proceeding. See Dkt. #10 at 10.

In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search and seizure was introduced at trial. Id. at 482. The Tenth Circuit has reiterated that a federal habeas corpus court may not overturn a state criminal conviction because of a violation of the Fourth Amendment if the petitioner had a full and fair opportunity to litigate the claim in state court proceedings. Brown v. Sirmons, 515 F.3d 1072, 1082 (10th Cir. 2008); Miranda v. Cooper, 967 F.2d 392, 401 (10th Cir. 1992); Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir. 1978).

The Court need not belabor its discussion of Petitioner's Fourth Amendment claim raised in ground two because the record demonstrates that the state courts granted Petitioner a full and fair opportunity to litigate this claim. Prior to commencement of trial, defense counsel filed a motion to suppress, see Dkt. # 10-8, challenging the validity of the evidence obtained as a result of the search and seizure of Petitioner's car after his arrest. A hearing on the motion was held on April 25, 2007. See Dkt. # 10-5. After hearing testimony, the trial court found that the traffic stop was proper, as was the subsequent search of the vehicle and seizure of the drug evidence. Id. at 29. As discussed

above, Petitioner also raised his Fourth Amendment claim on direct appeal, see Dkt. # 10, Ex. 1, where it was rejected by the OCCA, see id., Ex. 3.

Based on the record, the Court concludes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in the state courts. As a result, this Court is precluded from considering the issues raised in ground two of the petition for a writ of habeas corpus based on Stone, 428 U.S. at 494. See also Gamble, 583 F.2d at 1165 (opportunity for full and fair litigation in state court under Stone v. Powell includes opportunity to raise Fourth Amendment claim, full and fair evidentiary hearing, and recognition and application of correct Fourth Amendment standards). Petitioner's request for habeas relief premised on violations of the Fourth Amendment shall be denied.

**3.    Insufficient evidence for Count 3 - failure to signal (ground 3)**

Petitioner claims in his third ground for relief that there was insufficient evidence to support his misdemeanor conviction for Failure to Signal. Citing Oklahoma case law, the OCCA determined that "taking the evidence in the light most favorable to the State, any rational trier of fact could find beyond a reasonable doubt that Love failed to signal before turning, and that failure may have affected other traffic." See Dkt. # 10, Ex. 3 at 2-3.

In a habeas proceeding, the Court reviews the sufficiency of the evidence "in the light most favorable to the prosecution" and asks whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This standard of review respects the jury's responsibility to weigh the evidence and to draw reasonable inferences from the testimony presented at trial." Dockins v. Hines, 374 F.3d 935, 939 (10th Cir. 2004) (citing Jackson, 443 U.S. at 319). In other words, it "impinges upon 'jury'

8

discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Jackson, 443 U.S. at 319.

Upon review of the evidence in the light most favorable to the prosecution, the Court finds sufficient evidence supported the conviction of Failure to Signal. Officer Warne testified that he initiated a traffic stop of Petitioner's vehicle after he observed the vehicle make a left turn without signaling. See Dkt. # 12-1, Tr. Trans. at 159. Contrary to Petitioner's assertion that he testified at trial and denied these allegations (see Dkt. # 1 at 3), Petitioner did not provide any testimony at trial. See Dkt. # 12-1, Tr. Trans. The Court concludes that the evidence was sufficient to support Petitioner's conviction for Failure to Signal, and the OCCA's resolution of Petitioner's challenge to the sufficiency of the evidence was not contrary to, or an unreasonable application of, Supreme Court law, 28 U.S.C. § 2254(d)(1), or an unreasonable determination of the facts in light of the evidence presented at trial, 28 U.S.C. § 2254(d)(2). See Dockins, 374 F.3d at 939 (recognizing that the Tenth Circuit has yet to decide whether sufficiency of the evidence on habeas review presents a question of law or fact). Petitioner is not entitled to habeas corpus relief on this claim.

### 4. Constitutionality of trafficking statute (ground 4)

As his fourth proposition of error, Petitioner argues that Oklahoma's statute prohibiting trafficking in controlled drugs denied him procedural due process, substantive due process, and equal protection of the law. See Dkt. # 1 at 1. He claims that Okla. Stat. tit. 63, § 2-415 "creates a non-rebuttable presumption that the possession of 5 or more grams of cocaine base turns a person into some sort of large-scale 'drug dealer,' deserving of more severe punishment than lesser-scale drug dealers, based upon the sole predicate fact of the defendant possessing more than a specified quantity of a particular prohibited drug." See Dkt. # 10, Ex. 1 at 21. In rejecting this claim on direct

appeal, the OCCA cited Anderson v. State, 905 P.2d 231, 233 (Okla. Crim. App. 1995), and found that the statute does not create an irrebuttable presumption. See Dkt. # 10, Ex. 3 at 3-4. The OCCA also cited Hatch v. State, 924 P.2d 284, 289 (Okla. Crim. App. 1996), and ruled that the statute does not violate equal protection because the state Legislature "has a legitimate state interest in punishing harshly those people who possess large amounts of drugs." See Id. at 4.

On habeas review, this Court is bound by a state court's application or interpretation of state law unless it violates federal law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bowser v. Boggs, 20 F.3d 1060, 1065 (10th Cir.1994). Oklahoma has considered the argument raised here by petitioner, and concluded that Okla. Stat. tit. 63, § 2-415 "does not create a presumption a defendant sold the drugs or intended to sell drugs. Rather, the Legislature . . . has defined 'trafficking' as possessing specific amounts of a controlled dangerous substance." Anderson, 905 P.2d at 233. The Court finds no violation of federal law in the state court's interpretation of its state law.

As to Petitioner's challenge to the trafficking statute based on equal protection grounds, the Court finds no basis for habeas corpus relief under § 2254(d). Oklahoma's trafficking statute, Okla. Stat. tit. 63, § 2-415, reflects the intent of the Oklahoma legislature "that those who possess [a drug in excess of a specified amount] deserve a stiff punishment." Anderson, 905 P.2d at 233 (quotation omitted). Petitioner does not allege that federal law prohibits imposing increasingly severe sentences as the amount of cocaine base involved increases.

Respondent further contends that Petitioner's claim must fail because there is no Supreme Court law holding that § 2-415, or any similar statute, is unconstitutional. He argues that Petitioner's claim should be denied due to the lack of clearly established federal law. See House v. Hatch, 527 F.3d 1010, 1018 (10th Cir. 2008) ("The absence of clearly established federal law is dispositive

under § 2254(d)(1)"). This Court agrees. For example, there is no Supreme Court pronouncement of a violation of equal protection rights based on state law that treats cocaine base and cocaine powder differently in the context of a trafficking charge. See Thaler v. Haynes, 559 U.S. 43, 130 S.Ct. 1171, 1173 (2010) ("A legal principle is 'clearly established' ... only when it is embodied in a holding of [the Supreme] Court."). Because no clearly established federal law supports Petitioner's claim, § 2254(d)(1) forecloses any equal protection challenge Petitioner brings to his trafficking conviction pursuant to Okla. Stat. tit. 63, § 2–415.

For the foregoing reasons, the Court finds that Petitioner has failed to establish that the OCCA's resolution of his ground four claim was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court, and he is not entitled to habeas corpus relief. 28 U.S.C. § 2254(d).

**D.     Certificate of appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA is debatable amongst jurists of reason.  See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004).  As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. # 1) is **denied**.  A separate Judgment shall be entered in this case. A certificate of appealability is **denied**.

DATED THIS 4th day of April, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE